UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT O'GUIN,

       Plaintiff,

CASE NO. 09-12747
HON. LAWRENCE P. ZATKOFF

v.

LIEBHERR-WERK EHINGEN GmbH,
and SCHILLER INTERNATIONAL
CORPORATION

       Defendants.
_____/

LIEBHERR-WERK EHINGEN GmbH,

       Third-Party Plaintiff,

v.

HYMER-LEICHTMETALLBAU
GmbH + Co. KG,

       Third-Party Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on August 11, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Third-Party Defendant Hymer-Leichtmetallbau GmbH + Co. KG's ("Hymer") Motion to Dismiss for Lack of Personal Jurisdiction (Docket #39). Rather than file a direct response to Hymer's Motion to Dismiss, third-party plaintiff Liebherr-Werk Ehingen GmbH ("Liebherr") filed a Motion for Leave to Take Discovery Regarding *In Personam* Jurisdiction Over Hymer and to Extend Time for Filing Response (Docket #41). Hymer filed a response to Liebherr's Motion for Leave to Take Discovery, to which Liebherr replied. The Court finds that the

facts and legal arguments pertinent to Liebherr's Motion for Leave to Take Discovery are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that Liebherr's Motion for Leave to Take Discovery be resolved on the briefs submitted, without this Court entertaining oral arguments. As the parties still have not fully briefed Hymer's Motion to Dismiss, however, the Court shall not decide Hymer's Motion to Dismiss at this time. For the reasons that follow, Liebherr's Motion for Leave to Take Discovery is DENIED IN PART and GRANTED IN PART.

## II. BACKGROUND

Plaintiff, a Michigan resident, alleges he was injured on October 3, 2007, while performing demolition work that involved a crane Liebherr designed, manufactured and sold and then was distributed by Defendant Schiller International Corporation ("Schiller") in Michigan, for use in Michigan. Plaintiff further alleges that "[w]hile climbing the crane's access ladder, a metal casting at the top of the la[dd]er on the left side, which secured the ladder to the top of the crane, broke, causing [Plaintiff] to fall and suffer injuries." Plaintiff filed claims against Liebherr for negligent design and breach of implied warranty of fitness and against Schiller for breach of implied warranty of fitness. Liebherr subsequently filed a third-party claim for contribution and indemnity against Hymer, alleging that if Liebherr is liable to Plaintiff, Liebherr's liability arises from a defective ladder that was designed, manufactured and sold to Liebherr by Hymer.

Hymer is incorporated under the laws of the Federal Republic of Germany, with its principal place of business in Wangen, Germany. The Managing Director of Hymer, Bjorn Hillesheim ("Hillesheim"), has submitted a verified declaration in accordance with 28 U.S.C. § 1746, wherein he declares that Hymer:

(1) does not now and did not in the past conduct any business, pay any taxes, attempt to service the market, or maintain a resident agent in Michigan or the United States,

(2) does not have any offices, assets or bank accounts in Michigan or the United States,

(3) does not sell or advertise any of its products in Michigan or the United States, and

(4) has never consented to personal jurisdiction in Michigan or the United States.

To date, the only basis Liebherr has offered for why Hymer is subject to the jurisdiction of this Court was the following statement at Paragraph 9 of Liebherr's third-party complaint:

> 9. This court has jurisdiction over Hymer . . . under the Michigan long-arm statute[,] MCL 600.715(2). Hymer . . . has done or caused an act to be done, or consequences to occur, in the state resulting in an action for tort.

### III. ANALYSIS

With respect to a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), it is well settled that the plaintiff [Liebherr] bears the burden of establishing that personal jurisdiction exists in this Court. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *accord Am. Greeting Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir. 1988); *Weller v. Commwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974).

Once a defendant has filed a properly supported motion for dismissal, plaintiff "may not stand on . . . [its] pleadings, but must, by affidavit or otherwise, set forth specific facts showing that the court has [personal] jurisdiction [over defendant]." *Theunissen*, 935 F.2d at 1458 (citing *Weller*, 504 F.2d at 930). In the typical case, once a defendant has filed a motion to dismiss for lack of personal jurisdiction, the plaintiff will file a factual response that, at a minimum, attempts to support the plaintiff's contention that the Court has personal jurisdiction over the defendant. At that stage of the proceedings, a court would have three options:

> [I]t may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions.

*Theunissen*, 935 F.2d at 1458 (citing *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). Significantly, it is within the district court's discretion to decide the method it will

3

employ in deciding the motion. *Theunissen*, 935 F.2d at 1458 (citations omitted).

This case, however, does not present the typical situation. Here, Hymer has filed a properly supported motion for dismissal, but Liebherr did not respond to the motion. Instead, Liebherr asked the Court for leave to take discovery regarding *in personam* jurisdiction, specifically

> by taking the deposition of Mr. Hillesheim by telephone and, if necessary, the telephone deposition of a corporate representative of Hymer who can testify to the volume of sales, the value, and the hazardous character of the ladder in question (including information on the number of similar failures) and dealings between Hymer and Liebherr regarding the ladder design and manufacture, depending upon the aforesaid testimony.

Liebherr also states that it anticipates that it may present a declaration of one of its corporate representatives to support its opposition to Hymer's Motion to Dismiss.

The Court finds that Liebherr has demonstrated no reason for the Court to grant it leave to take discovery. First, thus far, Liebherr has made only the single afore-mentioned conclusory allegation that the Court has jurisdiction over Hymer. Liebherr has set forth absolutely no facts, and has not even alleged any fact, that would support a finding by the Court that Hymer is subject to personal jurisdiction in this district.

Second, the Court notes that a district court in the Northern District of Illinois permitted Liebherr to take jurisdictional discovery deposition testimony of Eberhard Lang, who at the time (on March 20, 2007) was the Managing Director of Hymer. *See Eckberg v. Liebherr Crawler Crane Co.*, No. 05-CV-3725 (N.D. Ill., June 27, 2007). Despite that deposition testimony, the Northern Illinois district court judge granted Hymer's motion to dismiss for lack of jurisdiction in that case (the Illinois long-arm statute analyzed in that case is similar to the Michigan long-arm statute that the Court must consider in this case). Liebherr argues that the testimony in that case is over three years old and is not determinative on the issue of whether Hymer is subject to this Court's jurisdiction today. Although Liebherr's argument is true, Liebherr has supplied the Court with no reason to believe that Hymer has begun conducting business of some nature in Michigan (or even somewhere in the United States) since March 2007. Instead, with respect to the last three years, Liebherr merely

states: "Much **may** have changed in three years. Liebherr is entitled to address this in discovery directed to Hymer" (emphasis added). This statement suggests to the Court that Liebherr has no basis to believe that Hymer is subject to the personal jurisdiction of this Court. Liebherr's pleadings thus far reflect an absence of contacts with Michigan that would permit the Court to exercise personal jurisdiction over Hymer within the parameters of applicable state and federal due process law.

Finally, it appears to the Court that Liebherr is on a fishing expedition, though it is unclear what it is they truly seek to discover. Liebherr may be trying to gather information about whether Hymer is subject to this Court's jurisdiction, but it seems at least as likely that Liebherr is seeking answers on substantive, non-jurisdictional matters. For example, as set forth in its Motion for Leave to Take Discovery, Liebherr stated that it wants to ask Hillesheim about "the volume of sales, the value, and the hazardous character of the ladder in question (including information on the number of similar failures) and dealings between Hymer and Liebherr regarding the ladder design and manufacture, depending upon the aforesaid testimony." The information related to those matters, however, is irrelevant to this Court's determination of whether the Court may exercise personal jurisdiction over Hymer.

For the reasons set forth above, the Court concludes that Liebherr has not demonstrated a basis to grant its leave to take jurisdictional discovery. For the same reasons, the Court finds no reason to hold an evidentiary hearing to resolve any factual questions related to discovery. Therefore, the Court will decide Hymer's Motion to Dismiss on the briefs filed by the parties (together with any supporting affidavits and declarations attached to such briefs).

The Court notes that Liebherr has not yet filed a substantive response to Hymer's Motion to Dismiss, and the deadline for filing a timely response has long since passed. Liebherr requested that the Court grant Liebherr a three-week extension to file a response to Hymer's Motion to Dismiss in the event the Court denied Liebherr's motion for leave to take jurisdictional discovery. In light of the fact that Liebherr timely filed a pleading that addressed the jurisdictional issue raised

5

by Hymer's Motion to Dismiss, the Court will permit Liebherr to file a substantive response to Hymer's Motion to Dismiss. As Liebherr has had at least two months to consider how to respond to the Motion to Dismiss, however, Liebherr's response time shall be truncated to five business days from the date of this Opinion and Order.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, Liebherr's Motion for Leave to Take Discovery Regarding *In Personam* Jurisdiction Over Hymer and to Extend Time for Filing Response (Docket #41) is DENIED IN PART and GRANTED IN PART. In furtherance of the foregoing, the Court ORDERS that, if Liebherr desires to file a response to Hymer's Motion to Dismiss, Liebherr must file such response within five business days from the date of this Opinion and Order.

IT IS SO ORDERED.

    S/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated: August 11, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 11, 2010.

    S/Marie E. Verlinde
    Case Manager
    (810) 984-3290